UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
                                            :
MICHAEL STANSELL,                           :    CASE NO. 1:17-CV-01892
                                            :
       Plaintiff,                           :
                                            :
vs.                                         :    OPINION & ORDER
                                            :    [Resolving Doc. No. 1]
GRAFTON CORRECTIONAL                        :
INSTITUTION,                                :
                                            :
       Defendant.                           :
                                            :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Michael Stansell filed action against the Grafton Correctional Institution ("GCI"). In the Complaint, Plaintiff alleges GCI officials denied his request for an accommodation under the Americans with Disabilities Act ("ADA"). He seeks an order from this Court requiring the Defendant to house him in a single cell, and award him monetary damages.

**I. Background**

Plaintiff alleges he suffers from peristalsis paralysis of the intestines from the sigmoid down, which impairs his ability to sense the need to defecate. He was originally permitted to be housed in a single cell, but that restriction was removed in 2015. He indicates his current cellmate is not understanding of his medical condition and becomes irate with him for using the toilet too frequently. Plaintiff alleges that he soiled himself on May 11, 2017 because his

cellmate blocked his access to the toilet. He reiterated his request for a single cell; however, GCI personnel denied the request, stating instead that they would address the situation with his cellmate. Plaintiff asserts claims for denial of reasonable accommodation under the ADA and the Rehabilitation Act ("RA"), and violation of his Eighth Amendment rights.

## II. Legal Standard

Although the Court does not hold *pro se* pleadings to the same standard as those filed by attorneys, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] A claim lacks an arguable basis in law or fact when it is based on an unquestionably meritless legal theory or when the factual allegations are clearly baseless.[2] A cause of action fails to state a claim upon which relief may be granted when it does not contain enough facts to suggest Plaintiff has a plausible claim that entitles him to the relief he seeks.[3] This does not mean a Plaintiff is required to allege the facts of his Complaint in great detail, but he still must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation."[4] A Complaint that offers only legal conclusions or a simple listing of the elements of a cause of action will not meet this standard.[5] When reviewing the Complaint under § 1915(e), the Court must read it in a way that is the most favorable to the Plaintiff.[6]

---

[1] *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).
[2] *Neitzke*, 490 U.S. at 327.
[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).
[4] *Iqbal*, 556 U.S. at 678.
[5] *Id.*
[6] *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

2

### III. Analysis

The ADA forbids discrimination against persons with disabilities in three major areas of public life: (1) employment, which is covered by Title I of the statute; (2) public services, programs, and activities, which are the subject of Title II; and (3) public accommodations, which are covered by Title III.[7] Title I concerns claims for discrimination in employment, which is inapplicable here. Title III applies only to private entities and excludes cities, counties, and states, or their respective agencies.[8] GCI is owned and operated by the Ohio Department of Rehabilitation and Correction, a state agency, making Title III inapplicable here as well. Therefore, Plaintiff's ADA claim must arise, if at all, under Title II.

Title II of the ADA and § 504 are substantially similar in their requirements to state a claim. Title II applies to public entities and protects qualified disabled individuals from exclusion from participation in or denial of the benefits of the services, programs, or activities of a public entity, because of their respective disabilities.[9] The term "public entity" is defined, as "any State or local government."[10] Similarly, § 504 of the RA protects any "otherwise qualified individual" from "be[ing] excluded from the participation in, be[ing] denied the benefits of, or be[ing] subjected to discrimination" under specified programs or activities "solely by reason of

---

[7] *Tennessee v. Lane,* 541 U.S. 509, 516-17 (2004)
[8] *See* 42 U.S.C. §§ 12131(1), 12181(6); *see also Watson v. Cobb*, No. 14-1034-JDT-egb, 2015 WL 502314, at *3 n.7 (W.D. Tenn. Feb. 5, 2015) (Title III "expressly does not apply to public entities such as cities, counties, and states or to the departments and agencies thereof."); *Collazo v. Corr. Corp. of Am.*, No. 4:11CV1424, 2011 WL 6012425, at *4 (N.D. Ohio Nov. 30, 2011) ("A jail or prison facility does not constitute a place of 'public accommodation' as defined in the applicable statutory provisions."); *Wattleton v. Doe*, No. 10-11969-JGD, 2010 WL 5283287, at *2 (D. Mass. Dec. 14, 2010) (concluding that federal prison does not constitute a place of public accommodation under Title III of ADA).
[9] 42 U.S.C. § 12132
[10] 42 U.S.C. § 12131(1)(A)

her or his disability."[11] The RA specifically applies to programs or activities receiving federal financial assistance.

Because Title II claims are asserted against state governments and agencies, they are limited in scope by the Eleventh Amendment. A state may not be sued in federal court unless it has consented to such a suit or its immunity has been properly waived by Congress.[12] Congress waived Eleventh Amendment immunity for violations of Title II of the ADA;[13] however, the Supreme Court limited that waiver to actions that interfere with a disabled individual's participation in, or benefit from a government service, program, or activity.[14] Because the term "facilities" was excluded from the wording of the statute, the Sixth Circuit has held that a Plaintiff cannot bring a private action against the state to remedy the lack of certain design features in a facility, without alleging interference with a service, program, or activity.[15] Where an ADA claim under Title II is based on a violation of the Equal Protection Clause as a member of a suspect class, as opposed to an alleged Due Process Clause violation, the Eleventh Amendment bars it.[16]

In this case, Plaintiff is not alleging GCI interfered with his participation in or receipt of a benefit from a service, program or activity. Instead, he requests a private cell because his

---

[11] 29 U.S.C. § 794(a).
[12] *See, e.g., Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996).
[13] 42 U.S.C. § 12202 ("A State shall not be immune under the Eleventh Amendment to the Constitution of the United States from an action in [a] Federal or State court of competent jurisdiction for a violation of this chapter."); *see Carten v. Kent State Univ.*, 282 F.3d 391, 394 (6th Cir. 2002).
[14] *Babcock v. Michigan*, 812 F.3d 531, 535–36 (6th Cir. 2016); *Johnson v. City of Saline*, 151 F.3d 564, 569 (6th Cir.1998) ("[T]he discrimination referenced in the statute must relate to services, programs, or activities[.]").
[15] *Id*.
[16] *See Popovich v. Cuyahoga Cty. Court of Common Pleas, Domestic Relations Div*., 276 F.3d 808, 812 (6th Cir. 2002) (en banc); *Mingus v. Butler*, 591 F.3d 474, 483 (6th Cir. 2010) (distinguishing between equal protection claims based on heightened scrutiny as a member of a suspect class and challenges under rational basis review for purposes of sovereign immunity).

frequent use of the toilet annoys his cellmate. GCI denied his request for a private cell, and instead decided to address the situation with his cellmate. Title II does not address this situation. At best, it more closely resembles an equal access to facilities type of claim, for which Eleventh Amendment immunity has not been waived.

Similarly, the Eleventh Amendment bars liability for claims asserted under 42 U.S.C. § 1983. Plaintiff claims GCI's denial of a private cell subjects him to cruel and unusual punishment under the Eighth Amendment. Because the Constitution does not directly provide for damages, Plaintiff must proceed under one of the civil rights statutes which authorizes an award of damages for alleged constitutional violations.[17] As no other statutory provision appears to present an even arguably viable vehicle for the assertion of Plaintiff's claim, the Court construes these claims as arising under 42 U.S.C. § 1983. The Eleventh Amendment bars this claim for damages.

To the extent Plaintiff seeks injunctive relief, he fails to state a claim upon which relief may be granted. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency."[18] The Eighth Amendment protects inmates by requiring that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the safety of the inmates.' "[19] This, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration.[20] Prisoners are not entitled to unfettered access to

---

[17] *Sanders v. Prentice-Hall Corp. Sys*, 178 F.3d 1296 (6th Cir. 1999).
[18] *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).
[19] *Farmer v. Brennan, 511 U.S. 825,* 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).
[20] *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).

the medical treatment of their choice,[21] nor can they "expect the amenities, conveniences and services of a good hotel."[22] In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement that constitute health threats, but does address those conditions which cause the prisoner merely to feel uncomfortable or which cause aggravation or annoyance.[23]

The Supreme Court set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment.[24] A Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred.[25] Seriousness is measured in response to "contemporary standards of decency."[26] Routine discomforts of prison life do not suffice.[27] Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment.[28] A Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind.[29] Liability cannot be based solely on negligence.[30] A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met.[31]

---

[21] S*ee Hudson v. McMillian*, 503 U.S. 1, 9 (1992),
[22] *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir.1988); *see Thaddeus-X v. Blatter,* 175 F.3d 378, 405 (6th Cir. 1999).
[23] *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).
[24] *Wilson v. Seiter*, 501 U.S. 294, 298 (1991),
[25] *Id.*
[26] *Hudson*, 503 U.S. at 8.
[27] *Id.*
[28] *Id.* at 9.
[29] *Id.*
[30] *Id*.
[31] *Farmer*, 511 U.S. at 834.

Here, Plaintiff does not satisfy either criteria. First, sharing a cell with another inmate is not is an objectively serious condition that contravenes society's "evolving standards of decency."[32] He indicates his frequent need to use the toilet aggravates his cellmate and he therefore requires a private cell. While this situation may cause him to feel uncomfortable or embarrassed, it is not a serious threat to his health. Moreover, prison officials have not been deliberately indifferent to his issues with his cellmate. They have offered to address the problem with Plaintiff's cellmate. The fact that they did not offer the solution that was most appealing to the Plaintiff does not mean they violated his Eighth Amendment rights.

### IV. Conclusion

Accordingly, this action is dismissed under 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: February 20, 2018         *s/ James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE

---

[32] *Rhodes*, 452 U.S. at 346.