UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
MICHAEL STANSELL, : CASE NO. 1:17-CV-01892
:
    Plaintiff, :
:
vs. : ORDER
: [Resolving Doc. No. 6]
GRAFTON CORRECTIONAL :
INSTITUTION, :
:
    Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Michael Stansell filed a Motion for Relief from Judgment under Federal Civil Procedure Rule 60(b)(6) (Doc. No. 6) seeking relief from the Court's Memorandum of Opinion and Order dismissing his case (Doc. No. 4). For the reasons stated below, the Motion is denied.

Rule 60(b) permits a District Court to grant a Motion for Relief from the Judgment for any of the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
    (6) any other reason justifying relief from the operation of the judgment.

Rule 60(b) does not permit parties to relitigate the merits of claims, or to raise new claims that could have been raised prior to dismissal of the case.[1] A movant therefore fails to demonstrate entitlement to relief under Rule 60(b) when he or she simply rephrases prior allegations.[2]

Plaintiff indicates he is relying on 60(b)(6) "for any other reason justifying relief from the operation of the judgment." Relief from judgment under Rule 60(b)(6) is available only in exceptional or extraordinary circumstances.[3] Plaintiff has not presented evidence of "exceptional or extraordinary circumstances" that would justify relief from the Court's judgment under Rule 60(b)(6). Instead, he restates his Complaint and contends it has merit. Rule 60(b)(6) does not provide an opportunity to reargue the merits of his claims.

### IV. Conclusion

Accordingly, Plaintiff's Motion for Relief from Judgment (Doc. No. 6) is denied.

IT IS SO ORDERED.

Dated: October 2, 2018            *s/   James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE

---

[1] *In re Abdur'Rahman*, 392 F.3d 174, 179-80 (6th Cir. 2004).
[2] *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004).
[3] *McCurry ex. rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 596 (6th Cir. 2002); *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).