IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Michael Stansell,** | : | |
| | : | **Case No. 1:17-cv-1892** |
| **Plaintiff,** | : | **(Consolidated with 1:18-cv-00963)** |
| | : | |
| v. | : | **Judge Gwin** |
| | : | |
| **Grafton Correctional Institution,** | : | **Magistrate Judge Greenberg** |
| | : | |
| **Defendant.** | : | |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Grafton Correctional Institution ("Defendant") hereby moves the Court to dismiss Plaintiff Michael Stansell's ("Plaintiff") Complaint for failure to state a claim upon which relief can be granted. A memorandum in support of this motion ("Motion") is hereto attached.

Respectfully submitted,

DAVE YOST
Ohio Attorney General


s/ Mindy Worly
MINDY WORLY (0037395)
*Trial Attorney for Defendant*
Principal Assistant Attorney General
Criminal Justice Section, Corrections Unit
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
Phone: (614) 728-0161; Fax: (866) 474-4985
Mindy.Worly@OhioAttorneyGeneral.gov

**MEMORANDUM**

**I.     INTRODUCTION**

Plaintiff, an inmate at the Grafton Correctional Institution ("GCI"), filed this Complaint on September 8, 2017 attempting to obtain both damages and injunctive relief from the Defendant for allegedly failing to accommodate his medical condition by refusing to house him in a single cell.  Forced to "endure" a cellmate since July 11, 2015, Doc. 1, PageID 2, Plaintiff's Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") claims are founded on the allegation that: 1) he has no sensation as to when to defecate other than extreme pain in his stomach, Doc 1-3, PageID 16; 2) his cellmate yells at him for using the restroom too much, Doc 1-3, PageID 24; and 3) the accommodation GCI offered him, namely to move him to a different unit wherein additional handicapped restrooms are available, Doc. 1-3, PageID 11, was rejected by the Plaintiff because he does not want to be uprooted, the bathrooms are "nasty," and they may also be occupied.  Doc. 1-3, PageID 14, Doc. 1-3, PageID 12.

**II.    LAW AND ARGUMENT**

    **A.     Standard of Review: Fed. R. Civ. P. 12(b)(6).**

The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rules authorize dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court of the United States has interpreted Rule 8(a) to mean that a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Accordingly, a plaintiff's obligation to provide the grounds for his claimed entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  Instead, a complaint must contain "enough facts to state a claim

2

to relief that is plausible on its face," meaning it must nudge the claims "across the line from conceivable to plausible." *Id.* at 570.

In expanding upon *Twombly*'s "facial plausibility" test, the Supreme Court has held that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the pleading standard announced in *Twombly* does not require "detailed factual allegations," it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, "[n]aked assertions devoid of further factual enhancement" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (internal quotation marks omitted).

While pro se pleadings must be liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (affirming dismissal of inmate's access to courts claim for failing to allege any specific prejudice). Although factual allegations are to be accepted as true, a court does not have to accept as true "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. In the context of civil rights actions, "conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim." *Harden-Bay v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008) (quoting *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996)).

Accordingly, a 12(b)(6) motion to dismiss is properly directed to the complaint and any exhibits attached thereto. *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335-336 (6th Cir. 2007). The complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if there is no law to support the claims made, if the facts alleged are insufficient to state a claim, or

3

if on the face of the complaint there is an insurmountable bar to relief. *Rauch v. Day & Night Mfg. Corp.,* 576 F.2d 697, 702 (6th Cir. 1978). Here, because on the face of the Complaint the facts alleged are insufficient to state a claim and there is an insurmountable bar to relief, Plaintiff's Complaint should be dismissed.

## B. Statute of Limitations.

"'[T]he appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio . . . requires that actions . . . be filed within two years after their accrual.'" *LRL Props. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1105 (6th Cir. 1995) (omissions in original) (citing *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (en banc)); see also *Owens v. Okure,* 488 U.S. 235, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989). In Ohio, the statute setting forth the relevant limitations period is Ohio Rev. Code § 2305.10(A), which states that a claim must be brought "within two years after the cause of action accrues." *Id.* Furthermore, under the statute the cause of action accrues "when the injury or loss to person or property occurs." *Id.*

Claims under the ADA and the RA are likewise subject to the state's two-year statute of limitations period for personal injury actions. See *Deck v. City of Toledo*, 56 F. Supp.2d 886, 890-91 (N.D. Ohio 1999); *Lewis v. Fayette Cty. Detention Ctr.*, No. 99-5538, 2000 U.S. App. LEXIS 8810, 2000 WL 556132, at *2 (6th Cir. Apr. 28, 2000) ("[C]ourts faced with ADA or Rehabilitation Act claims have also looked to the state's statute of limitations for personal injury actions"). Taking the facts alleged by Plaintiff as true, Plaintiff's claims under the ADA and the RA accrued on July 11, 2015, the day his alleged injury occurred, namely the day Plaintiff's "ADA Accommodation single cell was lifted and he was forced to endure a cellmate." Doc. 1, PageID 2. Therefore, to be timely Plaintiff's Complaint would have had to be filed no later than July 12, 2017. Since this action was not filed until September 8, 2017, it was filed 58 days too

late. Thus, on the face of the Complaint there is an insurmountable bar to relief. Accordingly, Plaintiff's Complaint should be dismissed because it is barred by the statute of limitations.

### C. The Facts Alleged Are Insufficient to State a Claim.

The ADA was enacted for the "purpose of provid[ing] a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." *Freels v. County of Lipton*, No. 08-2580-STA, 2010 U.S. Dist. LEXIS 57109, at * 45 (W.D. Tenn. 2010). A person is disabled under the ADA if he or she has "a physical or mental impairment that substantially limits one or more of the major life activities of such individual; [has] a record of such an impairment; or [is] regarded as having such an impairment." *Id.* Accordingly, Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Id.*

The Sixth Circuit has noted that "the phrase 'services, programs, or activities' encompasses virtually everything a public entity does." However, there are limits to the obligations imposed by Title II on public entities. For example, the ADA "does not require a public entity to take any action that it can demonstrate would result in a fundamental alteration in the nature of a service, program, or activity or in undue financial and administrative burdens." *Id.* Nor do ADA considerations extend to merely tangential aspects of an inmate's program participation. Document 15, at PAGEID 29, Amicus Brief of USA, *Stansell v. Grafton Correctional Institution,* Case No. 18-3765, Sixth Circuit, filed 12/12/2018.[1]

---

[1] Generally speaking, because both the ADA and the RA prohibit discrimination on the basis of disability, the jurisprudence regarding both statutory schemes has developed in tandem, and the claims are frequently considered as coextensive with each other. *See, e.g., Thompson v. Williamson Cnty.*, 219 F.3d 555, 557 (6th Cir. 2000) (given the similarity between the ADA and the RA, claims brought under both statutes can be analyzed together); *Andrews v. Ohio*, 104 F.3d 803, 807 (6th Cir. 1997) ("Because the standards under both of the acts are largely the same, cases construing one statute are instructive in construing the other."). Thus, claims brought under both statutes may be

5

To establish a prima facie case of discrimination under the ADA, a plaintiff must prove that: (1) he has a disability; (2) he is otherwise qualified; and (3) he is being excluded from participating in, being denied the benefits of, or being subjected to discrimination under the program solely because of his disability. *Freels v. County of Lipton*, No. 08-2580-STA, 2010 U.S. Dist. LEXIS 57109, at * 46 (W.D. Tenn. 2010).

Further, to prevail on an ADA claim, a plaintiff must show that the discrimination was intentionally directed toward him in particular. If the plaintiff meets these requirements, then the burden shifts to the defendant to show that the accommodation provided was either effective, or that the accommodation sought and not provided would have resulted in a fundamental alteration of the procedures or an undue financial or administrative burden. *Id.*

For purpose of the instant Motion only, Defendant concedes that Plaintiff meets the first two elements of his prima facie case under the ADA: (1) he has a disability and (2) he is otherwise qualified. However, since the Complaint fails to proffer facts indicating that Plaintiff is being excluded from participating in, being denied the benefits of, or being subjected to discrimination under a program solely because of his disability, the Complaint should be dismissed.

Regarding whether Plaintiff has been denied access to the toilet for purposes of alleging an ADA or RA claim, controlling precedent from the Sixth Circuit is instructive. In one such case, an inmate claimed that prison officials "deprived [him] of a working toilet." *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). The Court turned his lawsuit aside, holding that

---

analyzed together. *Andrews v. Ohio*, 104 F.3d 803, 807 (6th Cir. 1997) ("Because the standards under both of the acts are largely the same, cases construing one statute are instructive in construing the other."); *see also Owens v. O'Dea*, No. 97-5517, 1998 U.S. App. LEXIS 10761, 1998 WL 3440, at *2 (6th Cir. May 27, 1998) ("Congress has dictated that Title II of the ADA be interpreted in a manner consistent with section 504 of the RA.") (citing 42 U.S.C. §§ 12134(b), 12201(a)).

"temporary inconveniences . . . did not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency." *Id*.

In another such case, an inmate claimed that prison officials barred him from using the toilet, "allow[ed] him to sit in his own urine," and refused him "fresh drinking water for two 8-hour periods." *Hartsfield v. Vidor*, 199 F.3d 305, 309-10 (6th Cir. 1999). The Court turned his lawsuit aside too, noting "that deprivations of fresh water and access to the toilet for a [twenty]-hour period, while harsh, were not cruel and unusual." *Id*.

Perhaps more important, the ADA proscribes intentional discrimination, not the denial of medical care Plaintiff's Complaint alleges. *Rashad v. Doughty*, 4 Fed. Appx. 558, 560, 2001 WL 68708, *1 (10th Cir. 2001) (unpublished disposition) (the ADA proscribes intentional discrimination, not the denial of adequate medical care); *Bryant v. Madigan,* 84 F.3d 246, 249 (7th Cir. 1996) (the ADA "would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners;" the statute "does not create a remedy for medical malpractice"); *McNally v. Prison Health Servs.*,46 F.Supp.2d 49, 58 (D.Me. 1999) (noting distinction between "claims that the medical treatment received for a disability was inadequate from claims that a prisoner has been denied access to services or programs because he is disabled.").

Critically, in the present case, Plaintiff's treating physician Dr. Houglan concluded he had no medical need for a single cell. Doc. 1-3, PageID 13. Despite this medical decision, on August 3, 2015, GCI offered Plaintiff relief for his alleged ADA and RA deprivations—a move to a different unit which would have afforded him additional handicapped toilets. Doc. 1-3, PageID 11, 15. Yet, surprisingly, Plaintiff refused the proffered accommodation. Doc. 1-3, PageID 14.

*Simpson v. Overton*, 79 F. App'x 117, 119-20 (6th Cir. 2003), arose from similar circumstances. Like Plaintiff, inmate Arthur Simpson had a medical condition that forced him to frequently use the toilet. *Id*. at 118. Like Plaintiff, because Simpson was not allowed to leave his cell at all hours, he soiled himself "on several occasions" as a result. *Id*. at 119. And like Plaintiff, Simpson rejected the accommodation that the prison offered—in his case, a "urinal bottle." *Id*. at 119-20. Nevertheless, the Sixth Circuit ruled, despite Simpson's occasional incontinence, the complaint failed to state a claim. *Id*. at 120.

Plaintiff's claims here are no different than those made by the inmate in *Simpson*. Plaintiff, too, has occasional incontinence issues and alleges that he requires immediate access to a toilet. Doc. 1-3, PageID 14. But in both cases, claims that the medical treatment provided to a disabled inmate is inadequate fail to state a claim under either the ADA or the RA. *Id.* This is because the ADA is not violated by a prison's failure to attend to the medical needs of a disabled prisoner. *Id.*

Furthermore Plaintiff's claim must fail because he has not alleged, let alone established, the third element of a cause of action for an ADA or RA claim: that his injury was caused "solely by reason of his or her disability." Plaintiff has confused his desire for better disability accommodations with a claim for disability discrimination. But an ADA and/or RA plaintiff "must allege… that they were discriminated against on the basis of their disability." *Andrews v. State of Ohio*, 104 F.3d 803, 807 (6th Cir. 1997); *Henrietta D. v. Bloomberg,* 331 F.3d 261, 277-79 (2nd Cir. 2003) (ADA plaintiff must show that her exclusion from benefits occurred "by reason of such disability" by demonstrating that disability was a "substantial cause" of the exclusion). In the absence of a demonstrable nexus between a plaintiff's disability and the exclusion complained of, the plaintiff has failed to show proximate cause. *Id.*

Yet, Plaintiff's Complaint has alleged no such nexus here. To the contrary, a claim that a prison has failed to adequately accommodate a disabled prisoner's medical condition is not a claim of purposeful discrimination under the ADA or the RA -- if anything, it is a conditions of confinement claim under the Eighth Amendment. *Rashad v. Doughty*, 4 Fed. Appx. 558, 560, 2001 WL 68708, *1 (10th Cir. 2001) (unpublished disposition) (the ADA proscribes intentional discrimination, not the denial of adequate medical care); *Bryant v. Madigan,* 84 F.3d 246, 249 (7th Cir. 1996) (the ADA "would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners"; the statute "does not create a remedy for medical malpractice"); *McNally v. Prison Health Servs.*,46 F.Supp.2d 49, 58 (D.Me. 1999) (noting distinction between "claims that the medical treatment received for a disability was inadequate from claims that a prisoner has been denied access to services or programs because he is disabled.").

Notably, nowhere does the Complaint allege that Plaintiff has been denied access to services or programs because he is disabled. Rather, he merely alleges that he has been denied immediate access to a toilet as a result of the issues he has with his cellie. Doc. 1-3, PageID 14. But ADA considerations do not extend to tangential aspects of an inmate's program participation. Document 15, at PAGEID 29, Amicus Brief of USA, *Stansell v. Grafton Correctional Institution,* Case No. 18-3765, Sixth Circuit, filed 12/12/2018.

Perhaps as important, Plaintiff does not devote any portion of his Complaint to the question of how his cellmate's alleged yelling constitutes the purposeful discrimination required to state an ADA or RA claim. Verbal abuse, offensive remarks or general harassment do not rise to the level of a constitutional violation, much less to purposeful discrimination. *Ivey v. Wilson*, 832 F.2d 950 (6th Cir. 1987); *Knecht v. Collins*, 903 F. Supp. 1193, 1203 (S.D. Ohio 1995); *Lakhani v. Seneca Cty. Sheriff's Office,* Case No. 3:10 CV 00011, 2011 U.S. Dist. LEXIS 78424

(N.D. Ohio 2011). For all of these reasons, Plaintiff's claims under the ADA and the RA fail as a matter of law. *Id.*

### III. CONCLUSION

It is generally in the best interest of all concerned if courts refrain from becoming involved in the day-to-day prison operations, *Jones v. Pancake,* No. 3:06CV-P188-H, 2009 WL 481896 (W.D. Ky. 2009), and this case is no different, especially when the Complaint contains no facts whatsoever supporting Plaintiff's ADA and RA claims. Since the Complaint provides no facts suggesting that Plaintiff was denied the ability to use the toilet in his cell, much less the handicapped restroom facilities he was offered as an accommodation, Defendant respectfully requests that the Court dismiss this case in its entirety with prejudice, certify pursuant to 42 U.S.C. §1915(a)(3) that an appeal cannot be taken in good faith, assess costs to the Plaintiff, and award any other relief deemed necessary and just by the Court.

### LOCAL RULE 7.1(f) CERTIFICATION

I certify that the foregoing complies with the page limitations set forth in L.R. 7.1(f).

s/ Mindy Worly
MINDY WORLY (0037395)

Respectfully submitted,

DAVE YOST
Ohio Attorney General


s/ Mindy Worly
MINDY WORLY (0037395)
*Trial Attorney for Defendant*
Principal Assistant Attorney General
Criminal Justice Section, Corrections Unit
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
Phone: (614) 728-0161; Fax: (866) 474-4985
Mindy.Worly@OhioAttorneyGeneral.gov


## **CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of September, 2019, a copy of the foregoing was filed electronically utilizing the Clerk's ECF system.  Notice of this filing will be sent to all parties by the operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  I further certify that a copy was sent to pro se Plaintiff via prepaid, U.S. Mail at:

Michael Stansell, #A355-967
Grafton Correctional Institution
2500 S. Avon Belden Road
Grafton, Ohio  44905

s/  Mindy Worly
Mindy Worly (0037395)
Principal Assistant Attorney General

11