UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------------

|  |  |  |
|---|---|---|
| | : | |
| MICHAEL STANSELL, | : | CASE NO. 1:17-cv-1892 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | OPINION & ORDER |
| | : | [Resolving Doc. 20] |
| GRAFTON CORRECTIONAL | : | |
| INSTITUTE, | : | |
| | : | |
| Defendant. | : | |
| | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Michael Stansell is a state prisoner at Grafton Correctional Institution

("Grafton"). In May 2017, Grafton replaced most of its visitation-room tables with shorter

tables. Thereafter, Plaintiff sought formal permission from Grafton to continue using the

remaining taller tables due to his medical conditions. Grafton denied the request, and

Plaintiff sued Grafton under the Americans with Disabilities Act ("ADA")[1] and § 504 of the

Rehabilitation Act ("RA").[2]

On September 5, 2019, Defendant moved to dismiss.[3] Plaintiff opposed.[4] For the

reasons stated below, the Court will **GRANT** Defendant's motion to dismiss.

---

[1] 42 U.S.C. § 12101.
[2] 9 U.S.C. § 794(a). Plaintiff also sued under the Eighth Amendment, but the Court dismissed this claim at §
1915(e) screening. Doc. 5.
[3] Doc. 20. The citations to the record in this order refer to filings that appear in the docket of member case
1:18-cv-963.
[4] Doc. 24. Defendant replied. Doc. 25.

# I.    Background[5]

Plaintiff Michael Stansell is a prisoner at Grafton.[6]  Since December 2013, Stansell has had "two major abdominal surgeries with complications that, inter alia, [have left him] with extreme abdominal pain, difficulty bending over and picking up heavy objects, and completing everyday tasks."[7]

Plaintiff's family members visit him two to three times per month in Grafton's visitation room.[8]  Before May 2017, the visitation room contained tables that were about 36″ tall.[9]  The 36″ tall tables allowed seated people to reach objects on the tables "at approximately waste-to-chest high."[10]  In May 2017, Grafton replaced the 36″ tall tables with 16″ tall tables for security reasons.[11]  The 16″ tall tables "requir[e] people to bend over almost to the floor, doubling over, in order to reach things on the tables."[12]  Despite the replacement, Grafton's visitation room retained at least one 36″ tall table.[13]

"Plaintiff, due to his medical condition . . . was permitted to continue using [the] taller table, due to the severe pain and discomfort caused by bending over to almost floor level [over] the course [of] eight hours in the visit[ing] room."[14]  Despite providing this accommodation informally, Grafton officials informed Plaintiff that "he would need to get an order from the ADA [coordinator] to continue to [use the taller table] long term."[15]

---

[5] The Court draws this section's factual allegations from Plaintiff's complaint.
[6] Doc. 1 at 1.
[7] Doc. 1-1 at 2; *accord* Doc. 1 at 2.
[8] Doc. 1 at 2-3.
[9] *Id.* at 2.
[10] *Id.*
[11] *Id.*; Doc. 1-1 at 3.
[12] Doc. 1 at 1.
[13] *Id.* at 3.
[14] *Id.*
[15] *Id.*

On May 12, 2017, Plaintiff requested "formalized permission for the continuing use of a taller table."[16] In his request, he said that he merely sought "to formalize what is already being provided."[17]

On June 12, 2017, Grafton's ADA coordinator recommended that the warden deny Plaintiff's request.[18] In this recommendation, the coordinator noted that Plaintiff's doctor said that Plaintiff should be allowed to use the tall tables.[19] However, the coordinator nonetheless recommended denial of Plaintiff's request because (1) the doctor's "recommendation for the tall table is not listed in general medical needs order" and (2) Grafton's security chief believes that "taller tables compromise the safety and security of the visiting room visitor[s] and staff."[20] The warden concurred with the ADA coordinator's recommendation and denied Plaintiff's request for a formal accommodation order.[21] Plaintiff unsuccessfully administratively appealed this denial.[22]

On April 26, 2018, Plaintiff sued Grafton for this accommodation-request denial.[23] He asserted claims[24] under the Americans with Disabilities Act ("ADA"),[25] § 504 of the Rehabilitation Act ("RA"),[26] and the Cruel and Unusual Punishment Clause of the U.S. Constitution.[27]

---

[16] *Id.*
[17] Doc. 1-1 at 2.
[18] *Id.* at 3.
[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Id.* at 4-5.
[23] Doc. 1.
[24] *Id.* at 4-5.
[25] 42 U.S.C. § 12101.
[26] 9 U.S.C. § 794(a).
[27] U.S. CONST. art. LV, § 55.

On July 25, 2018, the Court screened Plaintiff's complaint under 28 U.S.C.

§1915(e) and dismissed all claims.[28]  The Court dismissed the ADA and RA claims on the

basis that "[f]acilities and design features of a room do not qualify as 'services' or 'activities'

under the ADA."[29]

The Sixth Circuit rejected this conclusion and vacated the Court's screening order.[30]

The Sixth Circuit explained, "While we have not expressly determined that a prison's

visitation program is a service, program, or activity, we have concluded 'that the phrase

'services, programs, or activities' encompasses virtually everything that a public entity

does.'"[31]

On remand, the Court effected service of Plaintiff's complaint.[32]  On September 5,

2019, Defendant moved to dismiss Plaintiff's ADA and RA claims for failure to state claims

upon which relief may be granted.[33]  Plaintiff opposed;[34] Defendant replied.[35]

## II.    Motion to Dismiss Standard

A complaint is subject to dismissal under <u>Federal Rule of Civil Procedure 12(b)(6)</u> if

it fails to state a claim upon which relief can be granted.  To survive a dismissal, a

complaint "must present 'enough facts to state claim to relief that is plausible on its face'"

when its factual allegations are presumed true and all reasonable inferences are drawn in

---

[28] Doc. 5.
[29] *Id.*
[30] Doc. 8.
[31] *Id.* at 2 (quoting *Johnson v. City of Saline*, 151 F.3d 564, 569 (6th Cir. 1998)).
[32] Doc. 13.
[33] Doc. 20.
[34] Doc. 24.
[35] Doc. 25.

favor of the non-moving party.[36]  Although pleadings and documents filed by *pro se*

litigants are "liberally construed" and held to less stringent standards than formal pleadings

drafted by lawyers,[37] *pro se* plaintiffs must still meet basic pleading requirements, and

courts are not required to conjure allegations on their behalf.[38]

### III.    Discussion

As an initial matter, the Court considers Plaintiff's arguments that Defendant's

motion to dismiss is barred on procedural grounds.[39]

### A.  Procedural Grounds

#### 1.  Law-of-the-Case Doctrine

Plaintiff contends that the Sixth Circuit opinion vacating the July 25, 2018 screening

order is the law of the case.[40]  He characterizes the opinion as holding that he has stated

ADA and RA claims upon which relief can be granted, so Defendant is now precluded

from arguing otherwise.[41]

The law-of-the-case doctrine says that "when a court decides upon a rule of law, that

decision should continue to govern the same issues in subsequent stages in the same

case."[42]  "The doctrine precludes a court from reconsideration of issues decided at an early

stage of litigation, either explicitly or by necessary inference from the

---

[36] *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

[37] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

[38] *See Erwin v. Edwards*, 22 F. App'x. 579, 580 (6th Cir. 2001).

[39] *See* Doc. 24.

[40] *Id.* at 2.

[41] *Id.*

[42] *Scott v. Churchill,* 377 F.3d 565, 569-70 (6th Cir. 2004) (quoting *Arizona v. California,* 460 U.S. 605, 618 (1983)).

disposition."[43]  Application of this doctrine is "limited to those questions necessarily decided in the earlier appeal."[44]  "[T]he phrase 'necessarily decided' . . . describes all issues that were 'fully briefed and squarely decided' in an earlier appeal."[45]  "Where there is substantial doubt as to whether a prior panel actually decided an issue, the district court should not be foreclosed from considering the issue on remand."[46]

Here, the law of the case doctrine does not preclude Defendant from moving to dismiss for failure to state a claim.  The issue squarely decided by the Sixth Circuit was a single aspect of Plaintiff's RA/ADA claims—whether a visitation program can constitute a service, program, or activity.[47]  In its motion to dismiss, Grafton does not ask the Court to disturb this conclusion.[48]

To be sure, the Sixth Circuit concluded its remand order with broad language: "Because Stansell's allegations, taken as true, are sufficient to show interference with a service, program, or activity, the district court erred in dismissing his ADA and RA claims."[49]  However, read in context, the Sixth Circuit was opining on what could constitute a service, program, or activity—not that Plaintiff's claims were immune from any further challenge in a motion to dismiss.

---

[43] *Westside Mothers v. Olszewski,* 454 F.3d 532, 538 (6th Cir. 2006) (internal quotation marks omitted).

[44] *Hanover Ins. Co. v. Am. Eng'g Co.,* 105 F.3d 306, 312 (6th Cir. 1997).

[45] *Perkins v. Am. Elec. Power Fuel Supply, Inc.,* 91 Fed. Appx. 370, 374 (6th Cir.2004) (quoting 1B James Wm. Moore, Moore's Federal Practice ¶ 0.404[1], at II–5 (2d ed.1996)).

[46] *Westside Mothers*, 454 F.3d at 538-39; *see also Howe v. City of Akron*, 801 F.3d 718, 739-40 (6th Cir. 2015) ("The law-of-the-case doctrine is a prudential practice; a court may revisit earlier issues, but should decline to do so to encourage efficient litigation and deter 'indefatigable diehards.'" (quoting 18B Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure: Jurisdiction and Related Matters § 4478 (4th ed.2015))).

[47] Doc. 8 at 2.

[48] *See* Doc. 20.

[49] Doc. 8 at 2.

This conclusion is bolstered by the cursory length of the analysis: the appeals court analyzed no aspect of Plaintiff's claims aside from whether a visitation program could be a service, program, or activity under the RA/ADA. Moreover, there is at least substantial doubt whether the appeals court actually decided that Plaintiff's allegations satisfy each of the requisite legal elements of RA and ADA claims. Therefore, the Court may consider this question on remand.[50]

### 2. Res Judicata Doctrine

Plaintiff also contends that res judicata "prohibits re-litigation of this argument."[51] "The doctrine of res judicata encompasses two distinct concepts: claim preclusion and issue preclusion."[52] The Court determined above that issue preclusion does not apply in this case; thus, the Court is left to consider claim preclusion.

"Under the doctrine of claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'"[53] Claim preclusion has four elements:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.[54]

Here, claim preclusion is inapplicable because there has been no final judgment on the merits.

---

[50] *Westside Mothers*, 454 F.3d at 538-39.
[51] Doc. 24 at 2-3.
[52] *Greenlee v. Sandy's Towing & Recovery, Inc.*, No. 17-3080, 2018 WL 3655961, at *2 (6th Cir. Feb. 21, 2018).
[53] *Rivet v. Regions Bank of La.*, 522 U.S. 470, 476 (1998) (alteration in original) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)).
[54] *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006) (quoting *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995)).

### 3. The Effect of Prior § 1915(e) Review

For Plaintiff's final procedural argument, he posits that the 28 U.S.C. § 1915(e) review standard is the same as the motion to dismiss standard.[55]  Accordingly, since the Sixth Circuit has already determined that his complaint could proceed past the § 1915(e) screening stage, he argues that Defendant's motion to dismiss must be denied.[56]

The Court agrees with the premise of Plaintiff's argument—the § 1915(e) standard is indeed "virtually identical" to the standard applied to a Rule 12(b)(6) motion.[57]  However, Plaintiff's conclusion—that the Court cannot revisit this ruling—does not follow.

A § 1915(e) screening determination is a preliminary and interlocutory holding,[58] subject to revision at any time prior to entry of final judgment.[59]  Accordingly, the Court is not precluded from considering Defendant's motion on this ground.

### A. ADA/RA Merits

The Court now considers Defendant's motion on the merits.  Defendant argues that Plaintiff fails to state ADA and RA claims because he "provides no facts whatsoever suggesting that Plaintiff was denied the ability to visit with his visitors while at [Grafton]."[60]

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the

---

[55] Doc. 24 at 3.

[56] *Id.*

[57] *Burfitt v. Bear*, No. 1:15-cv-730, 2016 WL 4992017, at *2 (S.D. Ohio Aug. 15, 2016), *report and recommendation adopted*, 2016 WL 4944773 (S.D. Ohio Sept. 16, 2016).

[58] *Heard v. Parker*, No. 3:17CV-01248, 2018 WL 6435863, at *3 (M.D. Tenn. Dec. 6, 2018).

[59] *See In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008) ("District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment."); *Heard*, 2018 WL 6435863, at *6-8.

[60] Doc. 20 at 10.  In Defendant's brief, it includes a link to a photograph of Grafton's visitation room. *Id.* at 7. In response, Plaintiff correctly points out that this photograph should not be considered at this stage.  Doc. 24 at 5 (stating that a motion to dismiss for failure to state a claim "must be decided on the basis of the contents of the allegations set forth in the Complaint").  The Court declines to consider the photograph.

services, programs, or activities of a public entity, or be subjected to discrimination by any

such entity."[61]  The RA applies a nearly identical prohibition to entities receiving federal

funds,[62] so the Court will address the ADA Title II and RA § 504 claims as one.[63]

To bring a discrimination claim under the ADA or the RA, "a plaintiff must prove

that: '(1) he has a disability; (2) he is otherwise qualified; and (3) he is being excluded from

participation in, being denied the benefits of, or being subjected to discrimination under

the program . . . because of his disability.'"[64]  The plaintiff also "must show that the

discrimination was *intentionally* directed toward him or her in particular."[65]

Once these elements have been established, "the burden shifts to the defendant to

show that the *accommodation* provided was either effective, or that the accommodation

sought and not provided would have resulted in a fundamental alteration of the procedures

or an undue financial or administrative burden."[66]

For purposes of the instant motion to dismiss,[67] the Government disputes only the

third element—that he is being excluded from participation in, being denied the benefits

---

[61] 42 U.S.C. § 12132.

[62] 29 U.S.C. § 794(a).

[63] The statutes' reach and requirements are the same except for "[RA §] 504's limitation to denials of benefits 'solely' by reasons of disability and its applicability only to entities that receive federal funds."  *McBride v. Mich. Dep't of Corrections*, 294 F. Supp. 3d 695, 704 (E.D. Mich. 2018) (pronouns altered) (quoting *S.S. v. Eastern. Kentucky Univ.*, 532 F.3d 445, 452-53 (6th Cir. 2008)).  Neither of these differences is at issue in this case.

[64] *Tucker v. Tennessee*, 539 F.3d 526, 532 (6th Cir. 2008) (quoting *Dillery v. City of Sandusky*, 398 F.3d 562, 567 (6th Cir. 2005)), *overruled in part by Anderson v. City of Blue Ash*, 798 F.3d 338, 357 n. 1 (6th Cir. 2015).  The partial overruling is inconsequential for present purposes.  The third element in *Tucker* required a showing that the discrimination be "solely" because of the disability. *Tucker*, 539 F.3d at 535. *Anderson* simply removed the sole-causation requirement, and the Court has reflected this omission in the quotation above. 798 F.3d at 357 n. 1.

[65] *Tucker*, 539 F.3d at 532.

[66] *Id.* at 532-33 (emphasis added) (footnote omitted).

[67] Doc. 20 at 5.

of, or being subjected to discrimination under Grafton's visitation program because of his disability.[68]

The Government says that Plaintiff fails to allege any interference with his ability to use Grafton's visitation program: "Regardless of the height of the tables in the visitation room, Plaintiff remains free to communicate with, exchange ideas with, obtain advice from, and/or confide in his visitors whomever they may be; nowhere does the complaint suggest otherwise."[69]

In response, Plaintiff points out that "complete exclusion from a public entity's service, program or activity [is unnecessary] to state a cognizable claim under the ADA or the RA, rather the allegation need only allege interference with meaningful access on the basis of his disability."[70] He says that his complaint alleges that Defendant's removal of the taller tables "forced [him] to undergo pain and suffer[ing] . . . which was easily remediable by a reasonable accommodation, but refused by the defendant, [and this] states a claim for discrimination under the ADA and RA."[71]

The Court agrees with the Defendant. Plaintiff's allegations show that Grafton officials did not exclude him from participating in or deny him the benefits of the visitation program. To the contrary, his allegations show that he *can* participate and enjoy its benefits—his guests come two to three times per month, and Grafton has not impeded these visits.[72]

---

[68] *Id.* at 5-6.
[69] *Id.* at 6.
[70] Doc. 24 at 4.
[71] *Id.*
[72] *See* Doc. 1 at 3; Doc. 1-1 at 1.

Shorter tables do not disturb Plaintiff's ability to meaningfully access Grafton's visitation program.  In his complaint, he alleges that "bending over to almost floor level [to use the 16″ tables] [over] the course [of] eight hours in the visit room" would cause him "severe pain and discomfort."[73]  This may be true, but Plaintiff does not need to bend over for eight hours to visit with his guests.  He can simply sit upright and talk to them.

Even if the Court were to conclude that Plaintiff adequately pleaded exclusion from participation in the visitation program or denial of its benefits, his allegations do not demonstrate that the alleged discrimination was directed against him in particular.  Simply put, there is no indication that Grafton switched the tables with Plaintiff in mind.  In fact, the allegations show that visitation room officials allow him to use the remaining 36″ tables (even if other Grafton officials refuse to formalize the accommodation).[74]

In conclusion, taking Plaintiff's allegations as true, he has failed to allege facts that satisfy the third element of his discrimination claim.  Thus, he does not state ADA or RA claims.

## IV.    Conclusion

For these reasons, the Court **GRANTS** Defendant Grafton's motion to dismiss.[75]  The Court **DISMISSES** Plaintiff's ADA and RA claims from member case 1:18-cv-963.

IT IS SO ORDERED.


Dated: December 5, 2019                              s/          *James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE

---

[73] Doc. 1 at 3.
[74] *Id.*
[75] Doc. 20.