UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

|  |  |  |
|---|---|---|
| MICHAEL STANSELL, | : | CASE NO. 1:17-cv-1892 |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | OPINION & ORDER |
|  | : | [Resolving Doc. 50] |
| GRAFTON CORRECTIONAL | : |  |
| INSTITUTE, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On January 22, 2020, the Court granted summary judgment in favor of Defendant Grafton Correctional Institute and dismissed the case.[1]  Plaintiff Stansell now moves for relief from the judgment under Federal Rules of Civil Procedure 60(b)(1) and (6).

For the following reasons, the Court **DENIES** Stansell's motion.

## I.    Relevant Background[2]

Plaintiff Michael Stansell is a prisoner at Grafton Correctional Institute.[3]  Plaintiff says that, due to his medical conditions, he requires a cell without a cellmate (a "single cell").[4]

On July 7, 2015, Defendant Grafton assigned Stansell a cellmate.[5]

---

[1] Doc. 49.
[2] The Court draws this section's factual allegations from Plaintiff's complaint.
[3] Doc. 1 at 1.
[4] Doc. 1-3 at 1.  Prison officials say that there is "no [medical] documentations to confirm [Stansell's] statement of having no sensation of when to defecate." *Id.* at 12.
[5] *Id.* at 5.

Case No. 1:17-cv-1892
Gwin, J.

On September 8, 2017, Plaintiff sued Grafton for denying him a single cell.[6]  He asserted claims under the Americans with Disabilities Act ("ADA"),[7] § 504 of the Rehabilitation Act,[8] and the Eighth Amendment of the U.S. Constitution.[9]

On February 20, 2018, the Court screened Plaintiff's complaint under 28 U.S.C. §1915(e) and dismissed all claims.[10]  On appeal, the Sixth Circuit vacated the Court's dismissal of Plaintiff's ADA and RA claims (but not the dismissal of the Eighth Amendment claim).[11]

On November 26, 2019, Defendant Grafton moved for summary judgment on Plaintiff's remaining ADA and RA claims.[12]

On January 22, 2020, the Court granted Defendant's motion for summary judgment.[13]  The Court held that Plaintiff's ADA and Rehabilitation Act claims were time-barred because Plaintiff filed his claim beyond the two-year statutes of limitations.[14]  The Court also held that, "[e]ven if Plaintiff's claims were not time-barred, Grafton is immune regarding his ADA Title II claim."[15]  The Court observed that this alternative basis for granting the motion did not extend to Plaintiff's Rehabilitation Act claim, because "[t]he Sixth Circuit has held that Ohio has waived Eleventh Amendment immunity against Rehabilitation Act claims."[16]

---

[6] Doc. 1.
[7] 42 U.S.C. § 12101.
[8] 29 U.S.C. § 794(a).
[9] U.S. CONST. amend. VIII.
[10] Doc. 4.
[11] Doc. 9.
[12] Doc. 35.
[13] Doc. 49.
[14] *Id.* at 5-9.
[15] *Id.* at 9.
[16] *Id.* at 9 n.57.

Case No. 1:17-cv-1892
Gwin, J.

## II.    Discussion

Plaintiff Stansell moves for relief from judgment under Federal Rules of Civil Procedure 60(b)(1) and (b)(6).  The Court discusses whether relief is warranted under either subsection.

### A. Stansell Is Not Entitled to Relief Under Rule 60(b)(1)

A court may provide relief under Rule 60(b)(1) in instances of "mistake, inadvertence, surprise, or excusable neglect."[17]  The Sixth Circuit has explained that a motion for relief under Rule 60(b)(1) is intended to provide relief to a party in only two instances: "(1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order."[18]

Stansell asserts five reasons why he is entitled to relief under Rule 60(b)(1).  None are persuasive.

First, Plaintiff argues that the Court erred in its immunity analysis.  He says that the Court's analysis conflated his ADA and Rehabilitation Act claims.[19]

Plaintiff is incorrect; the Court did not conflate the two claims.  The Court expressly stated that Grafton was immune as to the ADA claim, but not the Rehabilitation Act claim.[20]  And, in any event, immunity was only an alternate basis for the Court's holding.

---

[17] Fed. R. Civ. P. 60(b)(1).
[18] *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000); *accord United States v. Rohner*, 634 F. App'x 495, 506 (6th Cir. Dec. 11, 2015).
[19] Doc. 50 at 2.
[20] Doc. 49 at 9 & n.75.

Case No. 1:17-cv-1892
Gwin, J.

The Court granted Defendant judgment on Plaintiff's ADA and Rehabilitation Act claims
because Plaintiff's complaint was untimely.[21]

Second, Stansell argues that the Court erred in in its tolling calculation.[22]  The Court
tolled Stansell's claim for the 33 days he exhausted his administrative remedies.[23]  The
Court used the following dates in making this calculation: "from July 4, 2015—when he
submitted his first Inmate Reasonable Accommodations Request—to August 6, 2015—
when the Special Needs Assessment Committee denied his appeal."[24]

Stansell argues that the latter, August 6, 2015 date is incorrect.[25]  Though the denial
was dated August 6, 2015, Plaintiff Stansell now says, for the first time, that he did not
receive this denial until much later.[26]

The Court rejects Stansell's second argument.  Plaintiff adduces no credible
evidence that he received the denial much later.[27]

Third, Stansell argues that the Court misapplied the continuing violations doctrine
due to the Court's "misapprehension of the substance of the facts of this case."[28]  Plaintiff
then summarizes his version of the facts.[29]

---

[21] Doc. 49 at 5-9.
[22] Doc. 50 at 3.
[23] Doc. 49 at 8.
[24] *Id.*
[25] Doc. 50 at 3.
[26] *Id.*
[27] Plaintiff alleges that "it was never communicated to Plaintiff until service by then-GCI ADA Coordinator
Vanessa Shepherd, on 5/20/16, as indicated by her endorsement at the bottom of the page[.]"  Doc. 50 at 3.
In its opposition, Grafton observes that Shepherd's endorsement simply denotes the date on which Ms.
Shepherd pulled a copy of the Special Needs Assessment Committee's letter in connection with her review of
Plaintiff's renewed demands for a single cell accommodation—not the date Plaintiff would have initially
received the denial.  Doc 51 at 1.
[28] Doc. 50 at 4.
[29] *Id.* at 4-5.

Case No. 1:17-cv-1892
Gwin, J.

The Court rejects Stansell's third argument because he does not explain how the Court misapplied the continuing violations doctrine.

Fourth, Plaintiff argues that the Court erred in not tolling the statutes of limitations due to Plaintiff's incarceration.[30]  Plaintiff argues that, pursuant to Ohio Revised Code § 2305.16, his claim should have been tolled throughout his incarceration.[31]  Plaintiff says that § 2305.16 "provides for tolling where the plaintiff 'is confined in an institution.'"[32]

The Court rejects Plaintiff's fourth argument because Plaintiff misrepresents § 2305.16.  Section 2305.16 does not toll statutes of limitations for incarcerated individuals;[33] Section 2305.16 tolls statutes of limitations for individuals "confined in an institution or hospital under a diagnosed condition or disease which renders the person of unsound mind."

Finally, Plaintiff argues that the Court erred in finding that Grafton was immune under the Eleventh Amendment because the Court "misapprehended the factual background of this case."[34]  Plaintiff then summarizes his version of the facts.[35]

The Court rejects Stansell's final argument because he offers no legitimate court error.

---

[30] Doc. 50 at 5.
[31] *Id.*
[32] *Id.* (quoting Ohio Rev. Code § 2305.16).
[33] *Pankey v. Ohio Adult Parole Auth.*, 2011-Ohio-4209, ¶ 10.
[34] Doc. 50 at 5-6.
[35] *Id.*

Case No. 1:17-cv-1892
Gwin, J.

## B. Stansell Is Not Entitled to Relief Under Rule 60(b)(6)

A court may apply Rule 60(b)(6) to provide relief under "any other reason that justifies relief."[36]  A court's application of Rule 60(b)(6) requires "exceptional and extraordinary circumstances" warranting relief in the absence of an appeal on the merits.[37]

Here, Plaintiff has identified no "exceptional and extraordinary circumstances" warranting relief.[38]

### III.    Conclusion

For these reasons, the Court **DENIES** Plaintiff Stansell's motion for relief from the judgment.[39]

IT IS SO ORDERED.

Dated: August 17, 2020                                s/           *James S. Gwin*
                                                                          JAMES S. GWIN
                                                                          UNITED STATES DISTRICT JUDGE

---

[36] Fed. R. Civ. P. 60(b)(6).
[37] *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).
[38] *Id.*
[39] Doc. 50.