UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| MICHAEL STANSELL, | : | CASE NO. 1:17-cv-01892 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Docs. 81; 84] |
| v. | : | |
| | : | |
| GRAFTON CORRECTIONAL INSTITUTION, | : | |
| | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In January 2021, Plaintiff Michael Stansell and Defendant Grafton Correctional Institution entered into a settlement agreement, and the Court dismissed this case.[1] The Court kept continuing jurisdiction to resolve disputes concerning the memorialization and execution of the settlement agreement.[2]

Defendant now moves to enforce the settlement agreement.[3] Plaintiff opposes.[4] Defendant replies.[5] Plaintiff moves for leave to file a sur-reply.[6]

For the following reasons, the Court **GRANTS** Defendant's motion, and **ORDERS** Plaintiff Stansell to follow the settlement agreement and allow the Sixth Circuit to decide if costs should be waived or assessed to him in Case No. 20-3964.

I. Background

Plaintiff Michael Stansell is incarcerated at Grafton Correctional Institution.[7] In

---

[1] Doc. 78.
[2] See *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1371 (6th Cir. 1976) (internal citations omitted).
[3] Doc. 81.
[4] Doc. 82.
[5] Doc. 83.
[6] Doc. 84.
[7] Doc. 1 at 1.

Case No. 1:17-cv-01892
GWIN, J.

September 2017, Plaintiff sued Defendant Grafton Correctional Institution for violations of the Americans with Disabilities Act ("ADA"), § 504 of the Rehabilitation Act, and the Eight Amendment of the United States Constitution.[8]

In February 2018, the Court screened Plaintiff's complaint under 28 U.S.C. §1915(e) and dismissed all claims.[9] On appeal, the Sixth Circuit vacated the Court's dismissal of Plaintiff's ADA and RA claims and remanded for further proceedings.[10]

In November 2019, Defendant Grafton moved for summary judgment on Plaintiff's remaining ADA and RA claims.[11] In January 2020, the Court granted Defendant's motion for summary judgment.[12] Plaintiff Stansell then moved for relief from judgment under Federal Rules of Civil Procedure 60(b)(1) and (b)(6).[13] The Court denied relief.[14] Plaintiff Stansell appealed to the Sixth Circuit.[15]

While the Sixth Circuit appeal was pending, the parties settled.[16] The case was dismissed with prejudice, but the Court retained continuing jurisdiction to resolve disputes concerning the memorialization and execution of the settlement agreement.[17]

Defendant now moves to enforce the settlement agreement.[18] Defendant says the agreement requires Plaintiff to pay any court fees and costs arising from the remaining open Sixth Circuit case.[19] Defendant has paid Plaintiff $3,500 as required by the agreement, but Plaintiff no longer agrees to pay court fees and costs.

---

[8] *Id.* at 4.
[9] Doc. 4.
[10] Doc. 9. Plaintiff forfeited review of his Eighth Amendment claim by not raising it in his appellate brief.
[11] Doc. 35.
[12] Doc. 49.
[13] Doc. 50.
[14] Doc. 54.
[15] Doc. 56. The case was docketed as *Michael Stansell v. Grafton Correctional Institution*, Case No. 20-3964.
[16] Doc. 78.
[17] *See Aro Corp.*, 531 F.2d at 1371 (internal citations omitted).
[18] Doc. 81.
[19] Doc. 81-1.

Case No. 1:17-cv-01892
GWIN, J.

Plaintiff opposes the motion.[20] Plaintiff says he would not have agreed to settle had he realized he would be responsible for paying court fees and costs. Plaintiff further argues Defendant's motion is moot as Plaintiff already moved to dismiss the Sixth Circuit appeal.

Defendant replies that in Plaintiff's motion to dismiss, Plaintiff requested the Sixth Circuit assess costs to Defendant, which is contrary to the settlement agreement.[21]

Plaintiff moves for leave to file a sur-reply.[22]

## II. Discussion

Courts retain jurisdiction to enforce settlement agreements of cases pending before them.[23] "Before enforcing settlement, the district court must conclude that agreement has been reached on all material terms. The court must enforce the settlement agreement as agreed to by the parties and is not permitted to alter the terms of the agreement."[24]

Plaintiff signed the settlement agreement on February 23, 2021.[25] The agreement states that, upon execution of the settlement, Plaintiff shall move to dismiss the pending Sixth Circuit appeal.[26] The agreement further states that "Plaintiff is responsible for any court fees and court costs arising from the Sixth Circuit appeal and that any court fees or court costs will be paid by Plaintiff to the court."[27]

The settlement agreement signed by Plaintiff is clear and unequivocal. This Court will therefore enforce the terms parties agreed to.

## III. Conclusion

---

[20] Doc. 82.
[21] Doc. 83.
[22] Doc. 84.
[23] *Aro Corp.*, 531 F.2d at 1371 (internal citations omitted).
[24] *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988) (internal citations omitted).
[25] Doc. 81-1.
[26] *Id.* at 2.
[27] *Id.* at 3.

- 3 -

Case No. 1:17-cv-01892
GWIN, J.

For the foregoing reasons, the Court **GRANTS** Defendant's motion, and **ORDERS** Plaintiff Stansell to comply with the settlement agreement and allow the Sixth Circuit to decide if costs should be waived or assessed to him in Case No. 20-3964.

IT IS SO ORDERED.

Dated: December 20, 2021  *s/    James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE